# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PUCCIO,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS STRAKA, JOHN MCENANY, MIKE MENSTER, RODERICK MATTICKS, GREG EGAN, VICKY KNOWLES, JULIE MOORE, LYLE GALLIART, DUBUQUE COUNTY JAIL,<br><br>    Defendants. | No. C10-1020-LRR<br><br>ORDER |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on August 25, 2010. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses

the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on an average monthly deposit of $110.00, the court finds that the initial partial filing fee is $22.00. *Id*. The plaintiff shall submit $22.00 by no later than November 17, 2010. *Id*. If the court does not receive the initial payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk of court shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate. The

court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[1]

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $22.00 by no later than November 17, 2010. The instant action will be dismissed unless either the initial partial filing fee of $22.00 is received by November 17, 2010 or the court

---

[1] Before proceeding with the instant action, the plaintiff should be aware of the following: (1) an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C. § 1983, *see Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002), *Dulany v. Carnahan*, 132 F.3d 1234, 1239-44 (8th Cir. 1997), *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993), *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993), *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) and *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990); (2) a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her, *see Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); (3) a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability, *see Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) and *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996); (4) a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties, *see Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430-31), *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) and *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992); and (5) the denial of grievances does not state a substantive constitutional claim, *see Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 27th day of October, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Dubuque County Jail, Dubuque, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Christopher Allen Puccio, #62852, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Puccio v. Straka, et al.*, Case No. C10-1020-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $22.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen, Deputy
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa